UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW JERSEY
Camden Vicinage

| | |
|---|---|
| NEW JERSEY MANUFACTURERS INSURANCE GROUP a/s/o KRISHAN and USHA GARG, <br><br>　　　　　Plaintiff, <br><br>v. <br><br>ELECTROLUX HOME PRODUCTS, INC. <br><br>　　　　　Defendants. | DOCKET NO.:_____ <br><br>Civil Action |

## COMPLAINT

Plaintiffs, New Jersey Manufacturers Insurance Group, as subrogee of Krishan and Usha Garg, by way of Complaint say:

### JURISDICTION

Jurisdiction in this case is based on diversity of citizenship of the parties and the amount in controversy. The plaintiff is an insurance provider based in the State of New Jersey. Defendant, Electrolux, is a corporation under the laws of the State of Delaware having its principal place of business in the State of North Carolina. The amount in controversy exceeds the sum of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs.

### PARTIES

1. The plaintiff, New Jersey Manufacturers Insurance Group ("NJM") is an insurance company with a principal place of business at 301 Sullivan Way, West Trenton, New

Jersey 08628, and insured the property owned by Krishan and Usha Garg, located at 30 Saffron Drive, Lumberton, NJ 08048.

2. Defendant, Electrolux Home Products, Inc. ("ELECTROLUX") is a corporation formed in the State of Delaware, and is engaged in the design, manufacture, assembly, sale and/or supply of, among others, clothes dryers for distribution in the United States, with a principal business address at 10200 David Taylor Drive in Charlotte, NC, and may be served within the state through its registered agent located at CT Corporation, 820 Bear Tavern Road 3/F, West Trenton, NJ 08628.

## BACKGROUND

3. On or about March 28, 2021, a fire occurred at plaintiff's insured's property located at 30 Saffron Drive, Lumberton, NJ 08048

4. At the time of the incident, the property was occupied by tenant, Catherine Pepe.

5. The subject fire originated from an Electrolux manufactured ball-and-hitch gas clothes dryer.

6. At the time of the incident, the tenant, Ms. Pepe, had just finished drying a load, and upon removal of the load, she smelled smoke. Shortly thereafter, flames appeared from the dryer.

7. Upon information and belief, the subject Electrolux dryer was manufactured around May 2009..

8. Due to fire damage to the unit, no markings could be found on the unit that could provide brand and/or model information.

9. The fire was caused by the defective design of the subject dryer.

10. The fire caused significant fire and smoke damage throughout the Garg property, resulting in significant repairs to restore the building.

11. As a direct and proximate result of the damages sustained, Mr. and Mrs. Garg filed their claim with NJM for property damage.

12. As a result of the aforementioned claim, NJM incurred damages in excess of $134,000.00 in payments to its insured and others to repair and restore the property to its original condition prior to the subject fire.

13. As a result of these payments, NJM now, as subrogee of Krishan and Usha Garg, seeks to recover the aforementioned damages.

## COUNT I
## STRICT PRODUCTS LIABILITY
## N. J. S. A. 2A:58C ET SEQ.

14. Plaintiff repeats the allegations set forth in paragraphs 1 through 13 above as though set forth at length herein.

15. Defendant, Electrolux is and at all times relevant to this Complaint was in the business of designing, manufacturing, marketing and sale of ball-and-hitch clothes dryers for use by members of the general public.

16. On or about March 28, 2021, a fire occurred at the Garg property causing significant damage to the plaintiff's insured property.

17. Upon investigation, the fire was found to have originated and caused by the subject Electrolux clothes dryer.

18. At all times relevant to this Complaint, the subject Electrolux clothes dryer and its component parts was defective as to design and manufacture, in that it, among other issues:

a. Allowed lint to come in contact with a competent ignition source;

b. Allowed lint from clothes to collect in areas within the dryer cabinet where it could be ignited by the heat and flame coming from the burner assembly;

c. Allowed lint to collect in an area where it could not be cleaned by a user, and where the accumulated lint could be ignited by the heat and flame coming from the burner assembly;

d. Allowed lint produced by the drying process to accumulate within the area of ignition;

e. Allowed additional fuel loads within the dryer itself, with the use of combustible plastic components, such as, but not limited to, the trap duct, blower housing, lint trap, and trap housing;

f. Allowed fire, combustion products, smoke and burning molten material escape the dryer;

g. failed to provide an audible or visual alarm signal that would indicate the necessity of cleaning the interior of the dryer cabinet; and

h. the failure of the duct monitoring system equipped with the dryer to activate and warn the user that a significant and dangerous amount of lint was present in the ductwork at the time of the fire.

19. At all times relevant to this Complaint, the subject Electrolux clothes dryer and its component parts were defective as to design and manufacture, inclusive of improper warnings, at the time it left the manufacturing facility of Electrolux.

20. Under the circumstances then and there existing, Electrolux's clothes dryer, was unsafe for its intended use for the reason that the product had caused an unreasonably dangerous condition.

21. As a direct and proximate result of the defective condition of the Electrolux clothes dryer and its component parts, the subject incident occurred, causing the property damage sustained by NJM's insureds, for which it has paid.

22. By reason of the foregoing, NJM suffered damages in an amount in excess of $134,000.00 for the damages to the Garg property, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Insurance Group, as subrogee of Krishan and Usha Garg, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in an amount in excess of $134,000.00, together with the costs of this action, and any other relief this Court may deem just and proper.

## COUNT II
## BREACH OF WARRANTY

23. Plaintiff repeats the allegations set forth in paragraphs 1 through 22 above, as though set forth at length herein.

24. At all times relevant to this Complaint, Electrolux designed, manufactured, marketed and sold the subject ball-and-hitch gas clothes dryer.

25. Defendant, Electrolux, expressly and/or impliedly warranted that the subject clothes dryer was of merchantable quality, and was safe and fit for the purpose intended when used under ordinary conditions and in an ordinary or foreseeable manner.

26. The fire on March 23 2021 and the consequent damage sustained by NJM's insured were caused by Electrolux's breach of such express and/or implied warranties.

27. As a direct and proximate result of the breach of these express and/or implied warranties, the subject incident occurred, causing the property damage sustained by NJM's insureds, for which it has paid.

28. By reason of the foregoing, plaintiff, NJM suffered damages in an amount in excess of $134,000.00 for the Garg property, together with interest and costs of this action, to which they are subrogated.

WHEREFORE, plaintiff, New Jersey Insurance Group, as subrogee of Krishan and Usha Garg, demands judgment in its favor and against defendant, Electrolux Home Products, Inc. in an amount in excess of $134,000.00, together with the costs of this action, and any other relief this Court may deem just and proper.

### CERTIFICATION OF COUNSEL

Pursuant to *L. Civ. R.* 11.2, I certify that, to the best of my knowledge, there is no other action pending in which the matter in controversy is the subject, nor is there any other action or arbitration proceeding contemplated.

**<u>DESIGNATION OF TRIAL COUNSEL</u>**

Dennis J. Crawford, Esquire is hereby designated as trial counsel on behalf of the plaintiff in the within action.

             CRAWFORD LAW

            BY: <u>*s/Dennis J. Crawford*</u>
              Dennis J. Crawford, Esquire
              Attorney ID No.: 031001987
              619 South White Horse Pike
              Audubon, NJ 08106
              (856) 310-5550 – Telephone
              (856) 310-9099 – Fax
              E-mail: djc@crawfordlawfirms.com
              Attorney for plaintiff

Dated: <u>6/3/2021</u>